UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SAINZ-TORRES, | 1:08-cv-01858 YNP DLB (HC) |
| Petitioner, | ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |
| vs. | |
| NEIL H. ADLER, Warden, | |
| Respondent. | |

    Petitioner is a prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On June 30, 2009, the Court served an order denying Petitioner's motion to expedite on Petitioner; on July 7, 2009, the order was returned by the U.S. Postal Service as undeliverable.

    Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a Petitioner in propria persona by the Clerk is returned by the U.S. Postal Service, and if such Petitioner fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

    In the instant case, sixty (60) days have passed since Petitioner's mail was returned and he has

-1-

1 not notified the court of a current address.

2     In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the court of his address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the court apprised of his current address, no lesser sanction is feasible.

**ORDER**

Accordingly, it is HEREBY ORDERED that this action is DISMISSED for Petitioner's failure to prosecute. As this case arises out of § 2241, a certificate of appealability is not required. Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).

IT IS SO ORDERED.

Dated:   **October 15, 2009**            /s/ **Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE